1    Matthew F. Miller, No. 172661
     Robert J. Nolan, No. 235738
2    **CARROLL, BURDICK & McDONOUGH** LLP
     Attorneys at Law
3    44 Montgomery Street, Suite 400
     San Francisco, CA  94104
4    Telephone:    415.989.5900
     Facsimile:    415.989.0932
5    Email:        mmiller@cbmlaw.com
                   rnolan@cbmlaw.com
6
     Attorneys for Plaintiff
7    AMEC ENVIRONMENT & INFRASTRUCTURE, INC.

8              UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12   AMEC ENVIRONMENT &                No. C 12-cv-2973-TEH
     INFRASTRUCTURE, INC.,
13                                     **STIPULATED PROTECTIVE ORDER**
                   Plaintiff,
14
         v.
15
     GEOSYNTEC CONSULTANTS,
16   INC., et al.,
17                 Defendants.

18

19   1.    **PURPOSES AND LIMITATIONS**

20            Disclosure and discovery activity in this action are likely to involve production

21   of confidential, proprietary, or private information for which special protection from

22   public disclosure and from use for any purpose other than prosecuting this litigation may

23   be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter

24   the following Stipulated Protective Order. The parties acknowledge that this Order does

25   not confer blanket protections on all disclosures or responses to discovery and that the

26   protection it affords from public disclosure and use extends only to the limited

27   information or items that are entitled to confidential treatment under the applicable legal

28   principles. The parties further acknowledge, as set forth in Section 12.3, below, that this

1  Stipulated Protective Order does not entitle them to file confidential information under

2  seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be

3  followed and the standards that will be applied when a party seeks permission from the

4  court to file material under seal.

5  **2.  DEFINITIONS**

6        2.1  <u>Challenging Party</u>: a Party or Non-Party that challenges the designation

7  of information or items under this Order.

8        2.2  <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of

9  how it is generated, stored or maintained) or tangible things that qualify for protection

10  under Federal Rule of Civil Procedure 26(c).

11        2.3  <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House

12  Counsel (as well as their support staff).

13        2.4  <u>Designating Party</u>: a Party or Non-Party that designates information or

14  items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL"

15  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

16        2.5  <u>Disclosure or Discovery Material</u>: all items or information, regardless of

17  the medium or manner in which it is generated, stored, or maintained (including, among

18  other things, testimony, transcripts, and tangible things), that are produced or generated in

19  disclosures or responses to discovery in this matter.

20        2.6  <u>Expert</u>: a person with specialized knowledge or experience in a matter

21  pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an

22  expert witness or as a consultant in this action, (2) is not a current employee of a Party or

23  of a Party's competitor, and (3) at the time of retention, is not anticipated to become an

24  employee of a Party or of a Party's competitor.

25        2.7  <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>

26  <u>Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure

27  of which to another Party or Non-Party would create a substantial risk of serious harm that

28  could not be avoided by less restrictive means.

2.8 <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this

1  Stipulation and Order do not cover the following information: (a) any information that is
2  in the public domain at the time of disclosure to a Receiving Party or becomes part of the
3  public domain after its disclosure to a Receiving Party as a result of publication not
4  involving a violation of this Order, including becoming part of the public record through
5  trial or otherwise; and (b) any information known to the Receiving Party prior to the
6  disclosure or obtained by the Receiving Party after the disclosure from a source who
7  obtained the information lawfully and under no obligation of confidentiality to the
8  Designating Party. Any documents produced in the action in United States District Court
9  for the Southern District of Florida titled "*AMEC Earth and Environmental, Inc. v.*
10  *Geosyntec Consultants, Inc., et al.*" Case No. 9:11-cv-81111-DMM ("Florida Action"),
11  shall be subject to the terms of this protective order. Accordingly, any documents
12  designated as "Confidential" in the Florida Action shall be treated as "Confidential"
13  pursuant to the terms of this Stipulated Protective Order, and any documents designated
14  "Highly Confidential" in the Florida Action shall be treated as "Highly Confidential –
15  Attorneys' Eyes Only" pursuant to the terms of this Stipulated Protective Order. Any use
16  of Protected Material at trial shall be governed by a separate agreement or order.

17  **4.    DURATION**

18          Even after final disposition of this litigation, the confidentiality obligations
19  imposed by this Order shall remain in effect until a Designating Party agrees otherwise in
20  writing or a court order otherwise directs. Final disposition shall be deemed to be the later
21  of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2)
22  final judgment herein after the completion and exhaustion of all appeals, rehearings,
23  remands, trials, or reviews of this action, including the time limits for filing any motions
24  or applications for extension of time pursuant to applicable law.

25  **5.    DESIGNATING PROTECTED MATERIAL**

26          5.1    Exercise of Restraint and Care in Designating Material for Protection.
27  Each Party or Non-Party that designates information or items for protection under this
28  Order must take care to limit any such designation to specific material that qualifies under

CBM-SF\SF561378.2                          -4-

STIPULATED PROTECTIVE ORDER (CASE NO. C 12-CV-2973-TEH)

1 the appropriate standards. To the extent it is practical to do so, the Designating Party must

2 designate for protection only those parts of material, documents, items, or oral or written

3 communications that qualify – so that other portions of the material, documents, items, or

4 communications for which protection is not warranted are not swept unjustifiably within

5 the ambit of this Order.

6      If it comes to a Designating Party's attention that information or items that it

7 designated for protection do not qualify for protection at all or do not qualify for the level

8 of protection initially asserted, that Designating Party must promptly notify all other

9 parties that it is withdrawing the mistaken designation.

10      5.2  <u>Manner and Timing of Designations</u>. Except as otherwise provided in this

11 Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

12 ordered, Disclosure or Discovery Material that qualifies for protection under this Order

13 must be clearly so designated before the material is disclosed or produced.

14      Designation in conformity with this Order requires:

15      (a) <u>for information in documentary form</u> (e.g., paper or electronic documents,

16 but excluding transcripts of depositions or other pretrial or trial proceedings), that the

17 Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

18 ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a

19 portion or portions of the material on a page qualifies for protection, the Producing Party

20 also must clearly identify the protected portion(s) (e.g., by making appropriate markings

21 in the margins) and must specify, for each portion, the level of protection being asserted.

22      A Party or Non-Party that makes original documents or materials available for

23 inspection need not designate them for protection until after the inspecting Party has

24 indicated which material it would like copied and produced. During the inspection and

25 before the designation, all of the material made available for inspection shall be deemed

26 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party

27 has identified the documents it wants copied and produced, the Producing Party must

28 determine which documents, or portions thereof, qualify for protection under this Order.

1    Then, before producing the specified documents, the Producing Party must affix the

2    appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

3    ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a

4    portion or portions of the material on a page qualifies for protection, the Producing Party

5    also must clearly identify the protected portion(s) (e.g., by making appropriate markings

6    in the margins) and must specify, for each portion, the level of protection being asserted.

7             (b) for testimony given in deposition or in other pretrial or trial proceedings,

8    that the Designating Party identify on the record, before the close of the deposition,

9    hearing, or other proceeding, all protected testimony and specify the level of protection

10   being asserted. When it is impractical to identify separately each portion of testimony that

11   is entitled to protection and it appears that substantial portions of the testimony may

12   qualify for protection, the Designating Party may invoke on the record (before the

13   deposition, hearing, or other proceeding is concluded) a right to have a minimum of 21

14   days to identify the specific portions of the testimony as to which protection is sought and

15   to specify the level of protection being asserted. Only those portions of the testimony that

16   are appropriately designated for protection within the 21 days (or other mutually agreed

17   time period) shall be covered by the provisions of this Stipulated Protective Order.

18   Alternatively, a Designating Party may specify, at the deposition or up to 21 days (or

19   other mutually agreed time period) afterwards if that period is properly invoked, that the

20   entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

21   ATTORNEYS' EYES ONLY."

22             Parties shall give the other parties notice if they reasonably expect a

23   deposition, hearing or other proceeding to include Protected Material so that the other

24   parties can ensure that only authorized individuals who have signed the

25   "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those

26   proceedings. The use of a document as an exhibit at a deposition shall not in any way

27   affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

28   ATTORNEYS' EYES ONLY."

1    Transcripts containing Protected Material shall have an obvious legend on the

2    title page that the transcript contains Protected Material, and the title page shall be

3    followed by a list of all pages (including line numbers as appropriate) that have been

4    designated as Protected Material and the level of protection being asserted by the

5    Designating Party. The Designating Party shall inform the court reporter of these

6    requirements. Any transcript that is prepared before the expiration of a 21-day period (or

7    other mutually agreed time period) for designation shall be treated during that period as if

8    it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in

9    its entirety unless otherwise agreed. After the expiration of that period, the transcript shall

10   be treated only as actually designated.

11   (c) for information produced in some form other than documentary and for any

12   other tangible items, that the Producing Party affix in a prominent place on the exterior of

13   the container or containers in which the information or item is stored the legend

14   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If

15   only a portion or portions of the information or item warrant protection, the Producing

16   Party, to the extent practicable, shall identify the protected portion(s) and specify the level

17   of protection being asserted.

18   5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent

19   failure to designate qualified information or items does not, standing alone, waive the

20   Designating Party's right to secure protection under this Order for such material. Upon

21   timely correction of a designation, the Receiving Party must make reasonable efforts to

22   assure that the material is treated in accordance with the provisions of this Order including

23   to promptly collect any copies of such material provided to individuals other than those

24   authorized to receive such materials.

25   **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

26   6.1    Timing of Challenges. Any Party or Non-Party may challenge a

27   designation of confidentiality at any time. Unless a prompt challenge to a Designating

28   Party's confidentiality designation is necessary to avoid foreseeable, substantial

1 | unfairness, unnecessary economic burdens, or a significant disruption or delay of the

2 | litigation, a Party does not waive its right to challenge a confidentiality designation by

3 | electing not to mount a challenge promptly after the original designation is disclosed.

4 |      6.2   Meet and Confer. The Challenging Party shall initiate the dispute

5 | resolution process by providing written notice of each designation it is challenging and

6 | describing the basis for each challenge. To avoid ambiguity as to whether a challenge has

7 | been made, the written notice must recite that the challenge to confidentiality is being

8 | made in accordance with this specific paragraph of the Protective Order. The parties shall

9 | attempt to resolve each challenge in good faith and must begin the process by conferring

10 | directly (in voice to voice dialogue; other forms of communication are not sufficient)

11 | within 20 days of the date of service of notice. In conferring, the Challenging Party must

12 | explain the basis for its belief that the confidentiality designation was not proper and must

13 | give the Designating Party an opportunity to review the designated material, to reconsider

14 | the circumstances, and, if no change in designation is offered, to explain the basis for the

15 | chosen designation. A Challenging Party may proceed to the next stage of the challenge

16 | process only if it has engaged in this meet and confer process first or establishes that the

17 | Designating Party is unwilling to participate in the meet and confer process in a timely

18 | manner.

19 |      6.3   Judicial Intervention. If the Parties cannot resolve a challenge without

20 | court intervention, the Challenging Party shall file and serve a motion for an order to

21 | remove the designation at issue under Civil Local Rule 7 (and in compliance with Civil

22 | Local Rule 79-5 and General Order 62, if applicable). Each such motion must be

23 | accompanied by a competent declaration affirming that the movant has complied with the

24 | meet and confer requirements imposed in the preceding paragraph. Failure by the

25 | Challenging Party to make such a motion including the required declaration within such

26 | time periods shall automatically waive the challenge to confidentiality for each challenged

27 | designation.

28 |

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

1  (e) court reporters and their staff, professional jury or trial consultants, and
2  Professional Vendors to whom disclosure is reasonably necessary for this litigation and
3  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4  (f) during their depositions, witnesses in the action to whom disclosure is
5  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be
6  Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the
7  court. Pages of transcribed deposition testimony or exhibits to depositions that reveal
8  Protected Material must be separately bound by the court reporter and may not be
9  disclosed to anyone except as permitted under this Stipulated Protective Order.

10  (g) the author or recipient of a document containing the information or a
11  custodian or other person who otherwise possessed or knew the information.

12  7.3  Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
13  ONLY" Information or Items. Unless otherwise ordered by the court or permitted in
14  writing by the Designating Party, a Receiving Party may disclose any information or item
15  designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

16  (a) the Receiving Party's Outside Counsel of Record in this action, as well as
17  employees of said Outside Counsel of Record to whom it is reasonably necessary to
18  disclose the information for this litigation;

19  (b) Experts of the Receiving Party (1) to whom disclosure is reasonably
20  necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to
21  Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph
22  7.4(a)(2), below, have been followed];

23  (c) the court and its personnel;

24  (d) court reporters and their staff, professional jury or trial consultants, and
25  Professional Vendors to whom disclosure is reasonably necessary for this litigation and
26  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

27  (e) the author or recipient of a document containing the information or a
28  custodian or other person who otherwise possessed or knew the information.

7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.</u>

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, and (4) identifies the Expert's current employer(s). If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the

1   Expert is reasonably necessary, assess the risk of harm that the disclosure would entail,

2   and suggest any additional means that could be used to reduce that risk. In addition, any

3   such motion must be accompanied by a competent declaration describing the parties'

4   efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and

5   confer discussions) and setting forth the reasons advanced by the Designating Party for its

6   refusal to approve the disclosure.

7       In any such proceeding, the Party opposing disclosure to the Expert shall bear

8   the burden of proving that the risk of harm that the disclosure would entail (under the

9   safeguards proposed) outweighs the Receiving Party's need to disclose the Protected

10  Material to its Expert.

11  **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
        OTHER LITIGATION**

12

13      If a Party is served with a subpoena or a court order issued in other litigation

14  that compels disclosure of any information or items designated in this action as

15  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

16  that Party must:

17      (a) promptly notify in writing the Designating Party. Such notification shall

18  include a copy of the subpoena or court order;

19      (b) promptly notify in writing the party who caused the subpoena or order to

20  issue in the other litigation that some or all of the material covered by the subpoena or

21  order is subject to this Protective Order. Such notification shall include a copy of this

22  Stipulated Protective Order; and

23      (c) cooperate with respect to all reasonable procedures sought to be pursued by

24  the Designating Party whose Protected Material may be affected.  The purpose of

25  imposing these duties is to alert the interested parties to the existence of this Protective

26  Order and to afford the Designating Party in this case an opportunity to try to protect its

27  confidentiality interests in the court from which the subpoena or order issued.

28

CBM-SF\SF561378.2                          -12-

STIPULATED PROTECTIVE ORDER (CASE NO. C 12-CV-2973-TEH)

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.** **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

1         (c)    If the Non-Party fails to object or seek a protective order from this court

2  within 14 days of receiving the notice and accompanying information, the Receiving Party

3  may produce the Non-Party's confidential information responsive to the discovery

4  request. If the Non-Party timely seeks a protective order, the Receiving Party shall not

5  produce any information in its possession or control that is subject to the confidentiality

6  agreement with the Non-Party before a determination by the court.[1]  Absent a court order

7  to the contrary, the Non-Party shall bear the burden and expense of seeking protection in

8  this court of its Protected Material.

9  **10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

10         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

11  Protected Material to any person or in any circumstance not authorized under this

12  Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing

13  the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

14  unauthorized copies of the Protected Material, (c) inform the person or persons to whom

15  unauthorized disclosures were made of all the terms of this Order, and (d) request such

16  person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is

17  attached hereto as Exhibit A.

18  **11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
             PROTECTED MATERIAL**

19

20         When a Producing Party gives notice to Receiving Parties that certain

21  inadvertently produced material is subject to a claim of privilege or other protection, the

22  obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure

23  26(b)(5)(B).  This provision is not intended to modify whatever procedure may be

24  established in an e-discovery order that provides for production without prior privilege

25  review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach

26

27  [1] The purpose of this provision is to alert the interested parties to the existence of
confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect

28  its confidentiality interests in this court.

STIPULATED PROTECTIVE ORDER (CASE NO. C 12-CV-2973-TEH)

1  an agreement on the effect of disclosure of a communication or information covered by

2  the attorney-client privilege or work product protection, the parties may incorporate their

3  agreement in the stipulated protective order submitted to the court.

4  **12.  MISCELLANEOUS**

5      12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any

6  person to seek its modification by the court in the future.

7      12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

8  Protective Order no Party waives any right it otherwise would have to object to disclosing

9  or producing any information or item on any ground not addressed in this Stipulated

10  Protective Order. Similarly, no Party waives any right to object on any ground to use in

11  evidence of any of the material covered by this Protective Order.

12      12.3 <u>Filing Protected Material</u>. Without written permission from the

13  Designating Party or a court order secured after appropriate notice to all interested

14  persons, a Party may not file in the public record in this action any Protected Material. A

15  Party that seeks to file under seal any Protected Material must comply with Civil Local

16  Rule 79-5 and General Order 62. Protected Material may only be filed under seal pursuant

17  to a court order authorizing the sealing of the specific Protected Material at issue.

18  Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only

19  upon a request establishing that the Protected Material at issue is privileged, protectable as

20  a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's

21  request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and

22  General Order 62 is denied by the court, then the Receiving Party may file the Protected

23  Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise

24  instructed by the court.

25  **13.  FINAL DISPOSITION**

26      Within 60 days after the final disposition of this action, as defined in paragraph

27  4, each Receiving Party must return all Protected Material to the Producing Party or

28  destroy such material. As used in this subdivision, "all Protected Material" includes all

CBM-SF\SF561378.2        -15-

STIPULATED PROTECTIVE ORDER (CASE NO. C 12-CV-2973-TEH)

1  copies, abstracts, compilations, summaries, and any other format reproducing or capturing

2  any of the Protected Material. Whether the Protected Material is returned or destroyed, the

3  Receiving Party must submit a written certification to the Producing Party (and, if not the

4  same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies

5  (by category, where appropriate) all the Protected Material that was returned or destroyed

6  and (2) affirms that the Receiving Party has not retained any copies, abstracts,

7  compilations, summaries or any other format reproducing or capturing any of the

8  Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

9  archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

10  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

11  work product, and consultant and expert work product, even if such materials contain

12  Protected Material. Any such archival copies that contain or constitute Protected Material

13  remain subject to this Protective Order as set forth in Section 4 (DURATION).

14          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

15  DATED: January 23, 2013      CARROLL, BURDICK & MCDONOUGH LLP

16

17                          /s/Matthew F. Miller
                        Matthew F. Miller

18                          Attorneys for Plaintiff AMEC ENVIRONMENT
                        & INFRASTRUCTURE, INC.

19

20  DATED: January 23, 2013      BUCHALTER NEMER, PC

21                          /s/Richard C. Darwin
                        Richard C. Darwin

22                          Attorneys for Defendants

23                          GEOSYNTEC CONSULTANTS, INC., ANTON
                        ARULANANTHAM, ROBERT CHEUNG,

24                          BRIAN MCNAMARA, JOSEPH NILAND, SYED
                        REHAN, and BRUCE TRAVERS

25

26

27

28

1    **ATTESTATION PURSUANT TO GENERAL ORDER 45**

2    Pursuant to General Order 45(X)(B)(5), Matthew F. Miller certifies that he has

3    the concurrence of Richard Darwin, counsel for Defendants, in the filing of this

4    stipulation.

5    PURSUANT TO STIPULATION, IT IS SO ORDERED.

6

7

8    DATED: ___1/24/13___                    _____

9                                            Thelton E. Henderson
                                             United States District Court Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CBM-SF\SF561378.2                    -17-

STIPULATED PROTECTIVE ORDER (CASE NO. C 12-CV-2973-TEH)

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was issued by

the United States District Court for the Northern District of California on [date] in the

case of *AMEC Environment & Infrastructure, Inc., Plaintiff v. Geosyntec Consultants,*

*Inc., et al.,* Case No. C 12-cv-2973-TEH. I agree to comply with and to be bound by all

the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in

strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Northern District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after termination

of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or

any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

CBM-SF\SF561378.2                    -18-

STIPULATED PROTECTIVE ORDER (CASE NO. C 12-CV-2973-TEH)